v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492). In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content (T. D. 53159)," as indicated in exhibit 1, received in evidence herein and made a part of the decision in this case.

**No. 59531.**—A. J. Van Dugteren & Sons, Inc. *v.* United States, protest 248319–K (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of figures the same in all material respects as those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the claim of the plaintiff was sustained.

**No. 59532.**—K. Stekr Co. *v.* United States, protest 218398–K (New York).

Opinion by WILSON, J. An examination of the papers in this case not disclosing anything which would tend in any way to overcome the presumption of correctness attaching to the decision of the collector, the protest was overruled.

BEFORE THE SECOND DIVISION, DECEMBER 8, 1955

**No. 59533.**—Herz Specialty Products, Inc., and D. J. Ambrosio et al. *v.* United States, protests 258524–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of traveling irons similar in all material respects to those the subject of *Greatrex, Limited,* and *J. J. Gavin & Co., Inc.* v. *United States* (33 Cust. Ct. 79, C. D. 1639), the claim of the plaintiffs was sustained.

**No. 59534.**—Adorence Co. et al. *v.* United States, protests 178903–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 59535.**—Baar & Beards, Inc. *v.* United States, protests 186524–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

**No. 59536.**—N. M. Albert Co., Inc., and Breton Looms Co., Inc., et al. *v.* United States, protests 189166–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similiar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 59537.**—Baar & Beards, Inc., et al. *v.* United States, protests 190852–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 59538.**—Rivoli Scarf & Novelty Company and Air Express Int. Agency *v.* United States, protest 194285–K (San Francisco).